UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID PAUL KEVER,

        Plaintiff,

v.                                      Case No. 3:19-cv-482-J-39PDB

SECRETARY, DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff David Paul Kever, an inmate of the Florida penal system, initiated this action on April 25, 2019, by filing a "Petition for a Permanent Injunction" (Doc. 1; Petition). In the Petition, Plaintiff requests the Court issue a permanent injunction requiring the Secretary of the Department of Corrections (DOC) to provide prisoners with due process before removing them from the Religious Diet Program (RDP). Petition at 1. Plaintiff states he received a "notice of violation" on February 28, 2018, informing him that he was reported to have violated the terms of the RDP. Id. at 2. Plaintiff further asserts the chaplain interviewed him and found him guilty of the charges. However, the chaplain chose not to suspend Plaintiff from the RDP. Id. at 4. Despite not having been suspended, Plaintiff refutes the anonymous report, and he wants the "first floor videos of feeding on 2/27/18" preserved and reviewed to prove his innocence. Id. at 3, 9.[1]

---

[1] Plaintiff also asserts the librarians are dishonest and provide ineffective assistance. See Petition at 6-7. Because Plaintiff's request for relief focuses on his allegations related to the RDP, the Court will focus on those allegations only.

Plaintiff is not entitled to entry of a permanent injunction because he has not established the violation of a constitutional right, nor has he filed a complaint. Thomas v. Bryant, 614 F.3d 1288, 1317 (11th Cir. 2010) ("To obtain a permanent injunction, a party must show: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; (3) irreparable harm will result if the court does not order injunctive relief; and (4) if issued, the injunction would not be adverse to the public interest."). To the extent Plaintiff seeks entry of a preliminary injunction, he also is not entitled to relief. The decision to grant a preliminary injunction is vested in the "sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "A preliminary injunction is an 'extraordinary and drastic remedy,'" which will not be granted unless the movant carries his burden of persuasion. See Keister v. Bell, 879 F.3d 1282, 1287 (11th Cir.), cert. denied, 139 S. Ct. 208 (2018).

> To receive a preliminary injunction, the plaintiff must clearly establish the following requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."

Id. (quoting Palmer, 287 F.3d at 1329).

Plaintiff is unable to establish "irreparable injury" and a likelihood of success on the merits. Significantly, Plaintiff complains about an incident that occurred over a year ago, and he does not assert continuing violations. Even more, the facts Plaintiff alleges do not suggest an underlying constitutional violation. Plaintiff asserts he was afforded an opportunity to contest the charges lodged against him, and the chaplain decided not to suspend him from the RDP. Moreover, Plaintiff does not assert his religious exercise has been substantially burdened. It appears, rather, Plaintiff merely disputes the investigation

into the alleged violation and the finding of guilt. To the extent Plaintiff asks this Court to sit in review of that decision, the Court will refrain from doing so. "In cases involving constitutional challenges to prison regulations, including those implicating the free exercise of religion, the Supreme Court has long made clear that federal courts must afford substantial deference to the judgment of prison authorities." Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996) (citing Turner v. Safley, 482 U.S. 78 (1987); Bell v. Wolfish, 441 U.S. 520 (1979)).

Not only is Plaintiff's Petition insufficient to warrant injunctive relief, to the extent he is attempting to raise claims regarding his conditions of confinement, he has not filed a civil rights complaint form. The Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants he intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Plaintiff has not filed a complaint, nor has he provided the Court with all of the information required by the civil rights complaint form. If Plaintiff chooses to file a civil rights complaint, he may do so on the proper form.

For the foregoing reasons, this case will be dismissed without prejudice to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Petition (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of May, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: David Paul Kever